UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOTOROLA MOBILITY, INC., </br></br>Plaintiff, </br></br>v. </br></br>APPLE, INC., </br></br>Defendant. | Civil Action No. 1:10-cv-6385 </br></br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Motorola Mobility, Inc. ("Motorola Mobility"), for its complaint against Defendant, Apple, Inc. ("Apple"), alleges as follows:

### INTRODUCTION

1. This is an action brought by Motorola Mobility against Apple for Apple's infringement of Motorola Mobility's patents. In particular, Motorola Mobility seeks remedies for Apple's infringement of Motorola Mobility's U.S. Patents Nos. 5,359,317 ("the '317 patent"), 5,636,223 ("the '223 patent"), 6,246,697 ("the '697 patent"), 6,246,862 ("the '862 patent"), 6,272,333 ("the '333 patent") and 7,751,826 ("the '826 patent") (collectively, "the Asserted Patents").

### PARTIES

2. Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 600 North U.S. Highway 45, Libertyville, Illinois 60048. Motorola Mobility, Inc. is a wholly-owned subsidiary of Motorola, Inc. On July 31, 2010, Motorola, Inc. assigned all its right, title and interest in each of the Asserted Patents to Motorola Mobility, Inc.

3. On information and belief, Apple, Inc. is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

## JURISDICTION AND VENUE

4. This lawsuit is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Apple. On information and belief, Apple has significant contacts with this forum because Apple manufactures (directly or indirectly through third party manufacturers) and/or assembles products that are and have been offered for sale, sold, purchased, and used in the Northern District of Illinois. On information and belief, Apple, directly and/or through its distribution network, places infringing devices within the stream of commerce, with the knowledge and/or understanding that such infringing devices will be sold in the Northern District of Illinois. Moreover, on information and belief, Apple operates several retail stores within the Northern District of Illinois and expects or should reasonably expect its infringing actions to have consequences in the Northern District of Illinois. Therefore, exercise of jurisdiction over Apple will not offend traditional notions of fair play and substantial justice. Such an exercise is consistent with the Illinois long-arm statute, 735 Ill. Comp. Stat. 5/2-209 (2010).

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b).

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 5,359,317**

7. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

8.  The '317 patent, entitled "Method and Apparatus for Selectively Storing a Portion of a Received Message in a Selective Call Receiver," duly and lawfully issued on October 25, 1994.

9.  On August 15, 1995, the United States Patent and Trademark Office issued a Certificate of Correction for the '317 patent.

10. The '317 patent was reexamined *ex parte* pursuant to a request made on March 17, 2009. The Ex Parte Reexamination Certificate for the '317 patent issued on June 8, 2010, confirming patentability of all reexamined claims. A true and correct copy of the '317 patent with the August 15, 1995 Certificate of Correction and the June 8, 2010 Ex Parte Reexamination Certificate is attached to this Complaint as Exhibit 1.

11. Motorola Mobility is the owner of all rights, title and interest in the '317 patent, including the right to bring this suit for injunctive relief and damages.

12. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '317 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4, the Apple iPad, the Apple iPad with 3G and the fourth generation Apple iPod Touch.

13. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

14. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '317 patent in an amount to be determined at trial.

15. On information and belief, Apple's infringement of the '317 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

16. On information and belief, Apple's infringement of the '317 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 5,636,223

17. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

18. The '223 patent, entitled "Methods of Adaptive Channel Access Attempts," duly and lawfully issued on June 3, 1997. A true and correct copy of the '223 patent is attached to this Complaint as Exhibit 2.

19. On March 15, 2010, the United States Patent and Trademark Office granted a request for *ex parte* reexamination of claims 1–12 of the '223 patent. The art cited by the *ex parte* requester is cumulative of that already considered by the Patent and Trademark Office during initial examination of the '223 patent. Thus, no new issues regarding the viability of the patent claims have been raised. A final determination has not yet been reached in these proceedings.

20. Motorola Mobility is the owner of all rights, title and interest in the '223 patent, including the right to bring this suit for injunctive relief and damages.

21. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '223 patent, pursuant to 35 U.S.C.

4

§§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 4, the fourth generation Apple iPod Touch, the Apple iPad, the Apple iPad with 3G, the Apple MacBook, the Apple MacBook Pro, the Apple MacBook Air, the Apple iMac, the Apple Mac mini, the Apple Mac Pro and the Apple TV.

22. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

23. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '223 patent in an amount to be determined at trial.

24. On information and belief, Apple's infringement of the '223 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

25. On information and belief, Apple's infringement of the '223 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 6,246,697**

26. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

27. The '697 patent, entitled "Method and System for Generating a Complex Pseudonoise Sequence for Processing a Code Division Multiple Access Signal," duly and lawfully issued on June 12, 2001. A true and correct copy of the '697 patent is attached to this Complaint as Exhibit 3.

28. Motorola Mobility is the owner of all rights, title and interest in the '697 patent, including the right to bring this suit for injunctive relief and damages.

29. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '697 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G, that infringe one or more claims of the '697 patent.

30. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

31. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '697 patent in an amount to be determined at trial.

32. On information and belief, Apple's infringement of the '697 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

33. On information and belief, Apple's infringement of the '697 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 6,246,862

34. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

35. The '862 patent, entitled "Sensor Controlled User Interface for Portable Communication Device," duly and lawfully issued on June 12, 2001. A true and correct copy of the '862 patent is attached to this Complaint as Exhibit 4.

36. Motorola Mobility is the owner of all rights, title and interest in the '862 patent, including the right to bring this suit for injunctive relief and damages.

37. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '862 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS and the Apple iPhone 4, that infringe one or more claims of the '862 patent.

38. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

39. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '862 patent in an amount to be determined at trial.

40. On information and belief, Apple's infringement of the '862 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

41. On information and belief, Apple's infringement of the '862 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 6,272,333

42. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

43. The '333 patent, entitled "Method and Apparatus in a Wireless Communication System for Controlling a Delivery of Data," duly and lawfully issued on August 7, 2001. A true and correct copy of the '333 patent is attached to this Complaint as Exhibit 5.

44. Motorola Mobility is the owner of all rights, title and interest in the '333 patent, including the right to bring this suit for injunctive relief and damages.

45. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '333 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple App Store, the Apple iPhone 3G, the Apple iPhone 3GS, the Apple iPhone 4 and the Apple iPad with 3G, that infringe one or more claims of the '333 patent.

46. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

47. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '333 patent in an amount to be determined at trial.

48. On information and belief, Apple's infringement of the '333 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

49. On information and belief, Apple's infringement of the '333 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 7,751,826

50. Motorola Mobility incorporates by reference the preceding averments set forth in paragraphs 1–6.

51. The '826 patent, entitled "System and Method for E911 Location Privacy Protection," duly and lawfully issued on July 6, 2010. A true and correct copy of the '826 patent is attached to this Complaint as Exhibit 6.

52. Motorola Mobility is the owner of all rights, title and interest in the '826 patent, including the right to bring this suit for injunctive relief and damages.

53. On information and belief, Apple has infringed and is still infringing, contributorily infringing or inducing infringement of the '826 patent, pursuant to 35 U.S.C. §§ 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by their activities, including making, using, offering for sale and selling in the United States, and by importing into the United States, without authority, products and services including but not limited to the Apple iPhone 3G, the Apple iPhone 3GS and the Apple iPhone 4, that infringe one or more claims of the '826 patent.

54. Apple's infringing activities have caused and will continue to cause Motorola Mobility irreparable harm, for which it has no adequate remedy at law, unless Apple's infringing activities are enjoined by this Court in accordance with 35 U.S.C. § 283.

55. Motorola Mobility has been and continues to be damaged by Apple's infringement of the '826 patent in an amount to be determined at trial.

56. On information and belief, Apple's infringement of the '826 patent is willful and deliberate, and justifies an increase in damages of up to three times in accordance with 35 U.S.C. § 284.

57. On information and belief, Apple's infringement of the '826 patent is exceptional and entitles Motorola Mobility to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

58. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Motorola Mobility demands a trial by jury of this action.

## REQUEST FOR RELIEF

WHEREFORE, Motorola Mobility respectfully requests that:

(a) Judgment be entered that Apple has infringed one or more claims of each of the Asserted Patents;

(b) Judgment be entered permanently enjoining Apple, its directors, officers, agents, servants and employees, and those acting in privity or in concert with them, and their subsidiaries, divisions, successors and assigns, from further acts of infringement, contributory infringement, or inducement of infringement of the Asserted Patents;

(c) Judgment be entered awarding Motorola Mobility all damages adequate to compensate it for Apple's infringement of the Asserted Patents including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

(d) Judgment be entered that Apple's infringement of each of the Asserted Patents is willful and deliberate, and therefore, that Motorola Mobility is entitled to treble damages as provided by 35 U.S.C. § 284;

  (e) Judgment be entered that Apple's infringement of the Asserted Patents is willful and deliberate, and, therefore, that this is an exceptional case entitling Motorola Mobility to an award of its attorneys' fees for bringing and prosecuting this action, together with interest, and costs of the action, pursuant to 35 U.S.C. § 285; and

  (f) Judgment be entered awarding Motorola Mobility such other and further relief as this Court may deem just and proper.

Dated: October 6, 2010                    Respectfully submitted,

                                          MOTOROLA MOBILITY, INC.


                                    By:   __/s/ David A. Nelson_____
                                          David A. Nelson (6209623)

David A. Nelson (6209623)
Jennifer A. Bauer (6289020)
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
500 West Madison St., Ste. 2450
Chicago, IL  60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
davenelson@quinnemanuel.com

*Of Counsel*
Charles K. Verhoeven*
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, CA  94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700
charlesverhoeven@quinnemanuel.com

Edward J. DeFranco*
QUINN EMANUEL URQUHART &
    SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
eddefranco@quinnemanuel.com


*Attorneys for Plaintiff Motorola Mobility, Inc.*

* Motion to appear *pro hac vice* to be filed